No. 20810.

ERIC A. LAESSIG *v.* MAY D & F AND AMERICAN CREDIT CO.

(402 P.2d 183)

Decided May 17, 1965.      Rehearing denied June 7, 1965.

LOUIS F. PELL, JR., for plaintiff in error.

DUANE O. LITTELL, RONALD O. SYLLING, for defendants in error, May D & F.

PAUL RUSTON, for defendant in error, American Credit Co.

*In Department.*

Opinion by Mr. Justice Moore.

We will refer to plaintiff in error as the plaintiff or by name, and to defendants in error as the defendants. Plaintiff at all pertinent times was an employee of the United States Post Office.

It was alleged in the complaint filed by the plaintiff that the defendants libeled him by causing the following document to be delivered to his employer through the United States mail:

"AMERICAN CREDIT CO.
and Medical Dental Division
1410 16th Street, Denver 2, Colorado
8/17/61

"United States Post Office
"Denver, Colorado
"RE: May D&F/Eric A. Laessig Amt. $40.00
"We are asking for your cooperation in liquidating a legally owed account which we hold against the above named. We wish to avoid if possible any further action that might cause your employee loss of time or additional expense.
"We assure you of our desire to handle this claim in a friendly manner without further action being necessary, and your assistance to have contact made with us is greatly appreciated.

"Yours truly,
"AMERICAN CREDIT CO.
"L. C. Martin"

The plaintiff further alleged that the above communication was "intended to mean that plaintiff owed a debt that he refused to pay and threatened legal action." He further alleged that he was not in any manner indebted to the defendants, or either of them, and that they did, "* * * maliciously and wilfully publish and print among various credit investigation companies the fact that plaintiff was indebted to May D&F; that such fact as stated was false, misleading, defamatory, libelous and

without legal excuse, and had a tendency to and did injure plaintiff in his good name and credit."

He sought general damages in the amount of $7,500.00 and exemplary damages in the amount of $2,000.00.

The defendants denied the material allegations of the complaint, and the case was tried to a jury. At the conclusion of the evidence offered by the plaintiff, counsel for defendants moved for a directed verdict, which was granted by the trial court. The record before us contains no reporter's transcript and all that appears therein concerning the action of the trial court in directing the verdict is as follows:

"And thereupon comes the evidence to conclusion of plaintiff's case.

"And thereupon, defendants orally move the Court for a directed verdict for dismissal, the same is argued by counsel, and the Court being now sufficiently advised in the premises, doth grant said oral motion."

It is axiomatic that a judgment entered by a court of general jurisdiction is presumed to be correct. A litigant suffering an adverse judgment has the burden of overcoming this presumption. The record presented to use for review contains nothing from which it is made to appear that the trial court erred. We must look to the record alone to determine whether the trial court acted properly in the premises. Statements made in the briefs of litigants cannot supply that which must appear from a certified record or in the form of an agreed statement as provided for by Rule 112 (d) and (e), R.C.P. Colo.

In the instant case we do not have the exact motion or any statement whatever concerning the grounds thereof appearing in the record. We are told that the evidence was heard "to conclusion of plaintiff's case." We do not know what the evidence amounted to.

The judgment is affirmed.

Mr. Justice Sutton and Mr. Justice Frantz concur.