## No. 22770.

GEORGE A. HINSHAW, L. N. VICKERS, ASSIGNEE *v.* JOSEPH DYER AND ANN HOFFMAN.
(443 P.2d 992)

Decided July 29, 1968.

GEORGE A. HINSHAW, for plaintiffs in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

JOSEPH DYER and Ann Hoffman brought a replevin action against George Hinshaw, whereby they sought possession of a certain 1959 Cadillac automobile which they claimed to own, and which Hinshaw was said to be wrongfully withholding from them. By his answer Hinshaw admitted that Dyer and Hoffman owned the vehicle in question, but claimed that he had the right to possession inasmuch as "the property had been seized under a lawful judgment and execution issued pursuant to said judgment. . . . ."

Upon trial, one Max Snyder, a self-styled "agent" for Ann Hoffman, was the only witness. From the record it would seem that after Joseph Dyer obtained immediate possession of the motor vehicle under the provisions of R.C.P. Colo. 104, both he and the vehicle disappeared, to the end that upon trial he did not appear and offer testimony in support of his claim. However, the record does indicate that Ann Hoffman held a valid chattel mortgage on the vehicle and, as already indicated, Max Snyder appeared at trial and testified in her behalf.

George Hinshaw, appearing *pro se,* participated in the trial of this matter, though as we understand the record he was never sworn as a witness and offered no testimony, as such. Indeed much more than half of the entire reporter's transcript consists of hard-to-follow colloquy between the court and counsel. And from random statements made by Hinshaw during the course of this hearing before the trial court, it would appear that his claim of a right to possession of the vehicle is based on a levy made in an effort to satisfy a judgment

which Hinshaw had theretofore obtained against Dyer for unpaid legal services.

Trial to the court culminated in a judgment for possession in favor of Dyer and Hoffman, and by writ of error Hinshaw now seeks reversal of the judgment thus entered.

The reporter's transcript is confusing and incomplete to such a marked degree that for all practical purposes it is rendered unintelligible. Therefore, because of the basic unclearness of the record, we are simply unable to come to grips with the issues now sought to be raised by the plaintiff in error. The fact that the reporter's transcript successfully defies comprehension should not be attributed to any one person. Rather it results from the joint effort of all concerned, including the trial court, counsel for the various parties and the court reporter.

This is not the situation where a plaintiff in error through no fault of his own is precluded from presenting an adequate record for our review of the matter. If such were the case the matter would no doubt be remanded for a new trial, where hopefully an adequate and proper record would be made.

Also, it should be pointed out that in the instant case no testimony was offered in support of Hinshaw's asserted claim that it was he who had the right to possession of the Cadillac. The only reference thereto was in the form of colloquy between counsel and the trial court. Such informal conversation between court and counsel cannot take the place of sworn testimony. See *Marcus v. Otis,* 168 F.2d 649, adhered to in 169 F.2d 148, where Chief Judge Learned Hand made the following comment:

"Indeed, there was nothing even in support of the settlement except a few affidavits and thirty-five pages of colloquy between the lawyers and the judges, matter which we have over and over again refused to consider. . . ."

■■ As lending support to our summary disposition of this matter, see *Laessig v. May D & F*, 157 Colo. 260, 402 P.2d 183, where we stated as follows:

"It is axiomatic that a judgment entered by a court of general jurisdiction is presumed to be correct. A litigant suffering an adverse judgment has the burden of overcoming this presumption. The record presented to us for review contains nothing from which it is made to appear that the trial court erred. We must look to the record alone to determine whether the trial court acted properly in the premises. Statements made in the briefs of litigants cannot supply that which must appear from a certified record or in the form of an agreed statement as provided for by Rule 112 (d) and (e), R.C.P. Colo."

■■ Additional authority in support of the general proposition that an imperfection in a reporter's transcript cannot be cured by guesswork or by indulging in inferences or presumptions, and that a reviewing court may of its own motion dismiss a proceeding where the record is confused or incomplete, see *State v. Tipton Circuit Court*, 242 Ind. 642, 181 N.E. 2d 230; *Petty, executrix, v. Friel*, 240 Ind. 572, 167 N.E. 2d 345; *Flemming v. Burks*, 63 Ill. App. 2d 300, 211 N.E. 546; *People, ex rel. McDonough v. Sherwin*, 361 Ill. 403, 198 N.E. 343, and *Burns v. Brown*, 76 Cal. App. 2d 639, 173 P.2d 716.

The writ of error is dismissed.

MR. JUSTICE DAY and MR. JUSTICE KELLEY not participating.