## First Department, March, 1969

### (March 4, 1969)

■ James Oszust, an Infant, by His Mother and Natural Guardian, Eleanor Oszust, et al., Respondents, v. Truro Transportation Corp. et al., Appellants.— Order entered on October 30, 1968, advancing the case on the calendar vacated on the facts and the law without costs. Plaintiffs-respondents conceded the invalidity of the order and consented to having it vacated. Under the circumstances the relief requested by defendants should be granted, without costs. Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.

■ In the Matter of the City of New York, Appellant, Relative to Acquiring Title to Real Property Required for a Project Known as Brooklyn Bridge Southwest Urban Renewal Project in the Borough of Manhattan. Philip A. Paulson, Respondent.— Order entered March 21, 1968, unanimously reversed, on the law, without costs and without disbursements and the motion denied, without costs. Title to subject property vested in the city on November 2, 1964 with the exercise of its right of eminent domain in a condemnation proceeding commenced on October 27, 1964. At the date that title vested certain corporations were tenants of the owner and on February 17, 1965 they retained respondent to prosecute their fixture claim against the city. Such claim was filed on March 26, 1965 and on May 25, 1966 respondent filed notice of his attorney's lien with the Comptroller of the city. The tenants were eventually awarded $1,365.95 in satisfaction of their claim and respondent asserted an attorney's lien on the fund in the sum of $348.19. The tenants, however, vacated the property in August, 1967, allegedly owing rent from April 1, 1967 in the sum of $1,809.10. Upon the vesting of title in the city the clients of respondent became tenants at will of the city (Administrative Code of City of New York, § B15–37.0, subd. b). Moreover, subdivision d of the same section provides that where a person in possession is entitled to an award the rental "during the period between the date of vesting of title in the city and the date of the actual payment of he award, shall be a lien against such award, subject only to liens of record at the time of the vesting of title in the city." The statutory lien of an attorney (Judiciary Law, § 475) comes into being at the commencement of an action or proceeding (*Matter of Cooper* [*McCauley*], 291 N. Y. 255, 261). Clearly, the proceeding from which respondent's lien sprang was not commenced until March 26, 1965 when the fixture claim was filed. It follows that it was not a lien of record at the time title vested in the city and could not take precedence over the city's lien for unpaid rent. The fund being insufficient to satisfy the claim of the city for unpaid rent respondent is entitled to no part thereof. Concur — Eager, J. P., Markewich, McNally and Bastow, JJ.; Rabin, J., deceased.