Mr. Justice Groves
delivered the opinion of the Court.
The plaintiff in error (claimant) filed a complaint before the Industrial Commission against his employer, Roberts Construction Company (company), alleging violation of a union agreement. The prayer of the complaint was merely that the “matter be set for hearing and that after such hearing the Industrial Commission enter its finding and order as provided by law.” However, it is apparent from the record that the claimant was seeking solely damages, representing wages for additional hours he would have worked had the company used different shift schedules. After a hearing before a referee of the Commission he recommended that the complaint be dismissed. Acting thereon the Industrial Commission dismissed the complaint. This action was approved by the district court and the claimant has brought the matter here on writ of error.
During the time involved the claimant was employed as a night shift equipment operator on the employer’s contracted portion of Interstate Highway 70 near Deer Trail, Colorado. Commencing in June 17, 1965, there were heavy rains and severe flooding in certain areas of Colorado. At the request of the Colorado Department of *403 Highways the company switched, its operation to around-the-clock emergency highway repairs. The emergency work was conducted with two 12-hour shifts, commencing at 7:00 a.m. and 7:00 p.m., respectively. The claimant was a member of the Operating Engineers Union, Local No. 9, whose contract with the company provided:
“Two Shifts — when a day shift and a swing shift are worked, the day shift shall work eight (8) hours, excluding lunch time, and shall receive eight (8) hours pay, and the swing shift shall work seven and one half (7%) hours, excluding lunch time, and shall receive eight (8) hours pay. The day shift shall be eight (8) hours of continuous employment, excluding lunch time, between the hours of 6:00 a.m. and 5:00 p.m.”
The claimant contends that under these provisions the company should have started the night shift at least two hours earlier. He reported the alleged violation to his union, but the union chose not to pursue the issue. Thereafter, he brought the matter before the Industrial Commission. The claimant was represented by counsel until the conclusion of the district court proceedings. He has appeared here pro se.
No question of overtime pay is involved.
One emergency project was completed two hours before the end of the night shift. If we correctly understand claimant, in the event that the shift had begun at 5:00 p.m. instead of 7:00 p.m. he thinks he would have worked two additional hours. The record, however, does not disclose that such a shift change would have caused the project to consume the entire shift. Claimant did not work one shift as he could not be located and notified that there would be work available that night. Otherwise, the claimant worked as much as any other person on the night shifts.
Following completion of the highway projects, the company undertook similar repairs for the Union Pacific Railroad. Because of hazardous working conditions, none of this work was performed at night; and claimant, there *404 fore, did not work during this four-day period. The record does not disclose the hours of the day comprising the shift during this time.
There was a lack of adequate proof as to the amount of damages sustained by the claimant. Any award, of necessity, would have been based upon guesswork only, or rather wild non sequiturs. This the Industrial Commission could not do. Hinshaw v. Dyer, 166 Colo. 394, 443 P.2d 992.
Claimant contends that the parties agreed among themselves to limit the evidence to be offered at the hearing. We find no such agreement in the record. If such an agreement was made, the claimant must bear the consequences of having so agreed.
A great many extraneous and irrelevant matters have been injected into this review. One of these is the argument concerning the federal anti-kickback statute. (18 U.S.C. § 874). This is a federal criminal statute, which if violated would properly support only a prosecution in the federal courts. The other arguments, equally irrelevant, are rejected without comment. A prima facie case was not proved before the Commission and the claim was properly rejected.
Judgment affirmed.
Mr. Chief Justice McWilliams and Mr. Justice Pringle not participating.