**49** EFFECTIVE COMMUNICATIONS WEST, INC., Appellant-Respondent, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF THE SOLE SUPERVISORY DISTRICT OF CATTARAUGUS, ERIE AND WYOMING COUNTIES (BOCES), Defendant, and MARINE MIDLAND BANK, Respondent-Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The principal question raised on this appeal is whether an attorney's charging lien created by section 475 of the Judiciary Law takes precedence over a bank's security interest in the underlying money judgment. The factual background is undisputed. In 1971, Effective Communications West, Inc. (ECW), and BOCES entered into a contract under which ECW was to construct an educational television network in Cattaraugus County. BOCES engaged Marine as its escrow agent and deposited funds to pay the cost of the project in a noninterest bearing account. A few days later ECW borrowed $60,000 from Marine at 9%. On September 23, 1971 ECW assigned a security interest in all "Accounts and Contract Rights now owned or hereafter owned or acquired by Debtor" to Marine. Eventually a dispute arose between ECW and BOCES and ECW was discharged and later went bankrupt. The Marine debt was not discharged in the bankruptcy proceeding, however, and Marine now claims it is owed $54,075.29 plus interest from July 24, 1973, or $88,343.12. In March, 1975 ECW commenced a breach of contract action against BOCES in Supreme Court of Cattaraugus County and subsequently recovered the underlying judgment for $120,652.10. BOCES did not appeal and, in fact, attempted partially to satisfy that judgment with the funds remaining in the Marine escrow account (which amounted to approximately $98,000). Marine, however, claiming to be the senior lienor refused to release the account. Thereafter, ECW instituted the present proceeding under several sections of CPLR article 52 to enforce its money judgment. Special Term allocated the underlying $120,000 money judgment as follows: one third to ECW's attorneys as a fee for prosecuting the underlying contract action; $2,100 additional allowance and costs to ECW; the remainder to Marine to be applied against the secured debt owed it by ECW. ECW has appealed from that part of the order that provided that "[t]he balance of said fund shall be paid to Marine as against certain indebtedness of ECW to Marine". Marine has cross-appealed on the grounds that its claim against ECW should have been satisfied first. The primary issue is whether the attorney's lien should be given priority over Marine's security interest given by ECW. Special Term decided that the attorney's lien attached at the *commencement of the underlying litigation* while Marine's security interest did not "vest" *until the time of judgment*. Accordingly, the court declared that the attorney's lien was the superior interest. Special Term subsequently disposed of ECW's claim that it should be allowed to recover its expenses incurred in the underlying litigation by noting that there is no statutory authority for such a recovery. An attorney's charging lien vests at

the commencement of litigation (Judiciary Law, § 475) and is generally superior to the claim of a creditor of the client. The charging lien is not all encompassing, however, and it must stand behind competing liens that "vested" prior to the commencement of the litigation *(Matter of City of New York [Paulson],* 31 AD2d 895; *Bacon v Schlesinger,* 171 App Div 503, affd 224 NY 690). Therefore, the determination of the time that Marine's security interest "vested" is crucial. Under section 9-203 of the Uniform Commercial Code, a security interest attaches to collateral when three things are accomplished: (a) the collateral is in the possession of the secured party or the debtor has signed a security agreement which contains a description of the collateral; (b) value has been given; and (c) the debtor has rights in the collateral. Accordingly, Marine's security interest attached on November 23, 1971 when the final requirement was completed. This security interest was perfected without the necessity of filing a financing statement (Uniform Commercial Code, § 9-302, subd [1], par [e]). Once it was perfected, the security interest became the paramount interest in the collateral of ECW. Since, in this case, collateral includes "proceeds" and "proceeds" is defined as "whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds" (Uniform Commercial Code, § 9-306, subd [1]), the security interest should have continued in the judgment and Marine's claim should have been paid first. Clearly Marine's claim is the prior interest because it "vested" prior in time (1971) to the commencement by ECW in March, 1975 of its contract action against BOCES which resulted in the underlying judgment. Thus, from the $120,000 fund Marine is entitled to set off its claim first and ECW's attorneys will be entitled to satisfy their attorney's charging lien from the balance including accumulated interest. The $2,100 additional allowance to ECW was not raised on this appeal. We have carefully considered the several other issues raised by ECW and find them to be without merit (Appeals from order of Cattaraugus Supreme Court, Ostrowski, J. — enforce payment of judgment.) Present — Simons, J.P., Hancock, Jr., Callahan, Doerr and Denman, JJ.