**In the Matter of the Application for Water Rights of Reuben MICHEL and Ellen Irene Michel, in Weld County, Colorado.**

**Reuben MICHEL, Plaintiff-Appellant,**

v.

**FRONT RANGE LAND AND LIVE-STOCK COMPANY, a Colorado Corporation, Defendant-Appellee.**

**No. 81SA141.**

Supreme Court of Colorado,
En Banc.

Dec. 21, 1981.

Reuben Michel, pro se.

Saunders, Snyder, Ross & Dickson, P. C., William J. Kirven, Denver, for defendant-appellee.

LOHR, Justice.

Reuben Michel, appearing pro se, appeals from a judgment of the water court for Water Division No. 1 denying his application for a water right for Warden Lake Reservoir. We affirm that judgment.

This litigation has a tangled procedural history. It began when Michel filed an application for a change of water right on April 12, 1972, requesting a change of point of diversion for a 3.48 c. f. s. water right decreed to Big Bend Ditch. That application, number W–2341, was dismissed without prejudice on January 14, 1976, on Michel's own motion.

On June 30, 1976, Michel filed an application for a water storage right for Warden Lake Reservoir, heading it with number W–2341. On November 1, 1977, Michel filed an amended application for a water storage right for Warden Lake Reservoir. The water clerk assigned number W–8281 to that amended application. Shortly thereafter, Michel moved to reinstate number W–2341 and to assign that filing number to the Warden Lake Reservoir application. His purpose was to give the Warden Lake Reservoir application the benefit of the 1972 filing date in W–2341. The motion to reinstate was denied by the court on May 17, 1979.

Notwithstanding the denial of the motion to reinstate number W–2341, Michel continued to file materials relating to the Warden Lake Reservoir application, number W–8281, and to an additional application for approval of a plan for augmentation, under filing number W–2341. On February 22, 1980, the application for a water storage right for Warden Lake Reservoir was tried to the water court, which then entered judgment denying the application.

Michel moved for a new trial as to the Warden Lake Reservoir claim on March 24, 1980, heading his motion with file numbers W–2341 and W–8281. The water judge denied the motion on that same day and in doing so noted that the motion could apply to W–8281 only.

On April 22, 1980, Michel filed a "Notice of Appeal Motion for New Trial" directed to the March 24, 1980, denial of his first motion for a new trial. Thereafter, Front Range Land and Livestock Company, which had filed a statement of opposition in W–8281, moved to strike the newly filed motion. On December 4, 1980, the water judge granted the motion to strike and also denied the motion for a new trial.

On January 2, 1981, Michel filed a notice of appeal, heading it with number W–2341, directed to the March 24, 1980, order, described as an order denying the application for Warden Lake Reservoir, and alleging that the motion for a new trial with respect to this order was heard and denied on December 4, 1980. This is the appeal now before us.

On May 26, 1981, Front Range Land and Livestock Company filed a motion in this court to dismiss Michel's appeal on the basis that the notice of appeal for W–2341 was not timely filed, the case having been closed by the dismissal of the application in 1976. Michel did not respond. We concluded that W–2341 was dismissed in 1976 on Michel's motion, no timely appeal was taken from the order of dismissal, and we lacked jurisdiction to consider any appeal in W–2341. However, we noted that the record in W–8281 was not before us in sufficient detail to determine whether Michel's filings could be treated as a timely filed appeal from the trial court's February 22, 1980, judgment denying the application for a water storage right for Warden Lake Reservoir. Consequently, on June 26, 1981, we dismissed the appeal to the extent it relates to W–2341 and left the parties to proceed as they deemed advisable with respect to seeking review of the judgment in W–8281 denying the Warden Lake Reservoir application.

No party has taken action to supplement the record. We elect to treat Michel's various filings as adequate to perfect the appeal in W–8281. The case has been briefed and is now before us for a decision.

The record before us contains no transcript of the proceedings before the water court at the February 22, 1980, trial. The copies of trial exhibits appearing in the record demonstrate no error in the water court's judgment. Confronted with an appellate record devoid of a transcript of the trial proceedings, in *Laessig v. May D&F*, 157 Colo. 260, 402 P.2d 183 (1965), we stated:

> It is axiomatic that a judgment entered by a court of general jurisdiction is presumed to be correct. A litigant suffering an adverse judgment has the burden of overcoming this presumption. The record presented to use [sic] for review contains nothing from which it is made to appear that the trial court erred. We must look to the record alone to determine whether the trial court acted properly in the premises. Statements made in the briefs of litigants cannot supply that which must appear from a certified record or in the form of an agreed statement as provided for by Rule 112(d) and (e), R.C.P.Colo.

157 Colo. at 262, 402 P.2d at 185. *Accord, Rueckhaus v. Snow*, 167 Colo. 51, 445 P.2d 577 (1968); *Hinshaw v. Dyer*, 166 Colo. 394, 443 P.2d 992 (1968).

The district courts in each water division, acting through the water judge, have exclusive jurisdiction of water matters within the division. Section 37–92–203(1), C.R.S.1973. We hold that the same presumption of correctness attaches to the judgment of a water court as to that of a court of general jurisdiction. Michel has not rebutted that presumption here.

Judgment affirmed.