**Addison R. LOOMIS and Mabel A. Loomis, Plaintiffs-Appellants,**

v.

**Hugh SEELY and Bruce H. Seely, d/b/a Seely Land & Livestock, Co., Defendants-Appellees.**

**No. 82CA1253.**

Colorado Court of Appeals, Division II.

Sept. 8, 1983.

Rehearing Denied Oct. 20, 1983.

Certiorari Denied Jan. 30, 1984.

Addison R. Loomis and Mabel A. Loomis, pro se.

Donley K. Rees, Craig, for defendants-appellees.

SMITH, Judge.

In this replevin action, plaintiffs, Addison R. Loomis and Mabel A. Loomis, appeal the judgment of the trial court in favor of defendants, Hugh Seely and Bruce H. Seely. We affirm.

Plaintiffs had leased certain real property (the ranch) from defendants. When they were unable to make their annual rent payment, plaintiffs vacated the ranch, leaving behind certain personal property. Subsequently, a dispute arose over plaintiffs' access to the ranch in order to remove their remaining personal property, and plaintiffs, acting *pro se*, initiated this replevin action. Defendants counterclaimed for the rent due and for an order to sell the personal property of plaintiffs which remained on the ranch. Default was entered on defendants' counterclaim for rent prior to trial.

At the close of plaintiffs' case-in-chief, the trial court granted defendants' motion for directed verdict on all but one of plaintiffs' claims, and at the close of defendants' case, entered judgment on the default in the amount of $24,612.94. The court also ordered defendants to return to plaintiffs four horses which plaintiffs had left on the ranch.

Plaintiffs raise a number of issues on appeal which relate to their lack of familiarity with trial procedure and the trial court's attitude toward them as *pro se* litigants.

 Plaintiffs did not file a transcript of the trial court proceedings with this court. Although they claim that the trial court dismissed their efforts as frivolous and remained openly hostile throughout the trial, without a transcript we cannot consider these allegations. "We must look to the record alone to determine whether the trial court acted properly in the premises. Statements made in the briefs of litigants cannot supply that which must appear from a certified record ...." *Laessig v. May D & F,* 157 Colo. 260, 262, 402 P.2d 183, 185 (1965). And, absent a record showing the contrary, we must presume that the trial court acted properly in its conduct of the trial. *Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983), *Cole v. Kyle,* 141 Colo. 492, 348 P.2d 960 (1960).

Plaintiffs also argue that the trial court erred in failing to assist them in making a proper and effective presentation of their case. Specifically, they argue that the court should have instructed them on the use of witnesses at trial and on the intro-

duction of evidence necessary to sustain their burden of proof. We cannot agree.

 If a litigant, for whatever reason, presents his own case to the court, he is bound by the same rules of procedure and evidence as bind those who are admitted to practice law before the courts of this state. *See Viles v. Scofield*, 128 Colo. 185, 261 P.2d 148 (1953). A judge may not become a surrogate attorney for a *pro se* litigant. *See Mazur v. Commonwealth of Pennsylvania*, 507 F.Supp. 3 (E.D.Pa.1980), *aff'd*, 649 F.2d 860 (3d Cir.), *cert. denied*, 452 U.S. 962, 101 S.Ct. 3111, 69 L.Ed.2d 973 (1981), *Sunpower, Inc. v. Hawley*, 296 N.W.2d 532 (S.D.1980).

 Plaintiffs admit that they failed to make payment under the terms of their lease with defendants. They also failed to raise any argument in support of their claim against defendant. *See Manka v. Martin*, 200 Colo. 260, 614 P.2d 875 (1980). Since there is no indication that the court erroneously applied the law to its factual finding that plaintiffs were in default, we may not disturb the judgment. *Laessig v. May D & F, supra.*

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.