◼ SUNBIRD TELEPRODUCTIONS, INC., Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY et al., Defendants. (Action No. 1.) MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent, v PHILIP ARNO, Respondent. (Action No. 2.) ALBRECHT, MAGUIRE, HEFFERN & GREGG, P. C., Appellant.— Order unanimously reversed on the law with costs and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: The record submitted on this appeal clearly demonstrates that petitioner Albrecht, Maguire, Heffern & Gregg, P. C. has an attorney's lien against the proceeds of a settlement of the claims and causes of action of Sunbird Teleproductions, Inc. (Sunbird) against United States Fidelity and Guaranty Co. (USF&G).

On June 8, 1977 Sunbird entered into an agreement to lease certain teleproduction equipment from Traders Leasing Corp. (Traders). On the same date, Traders assigned the lease to Manufacturers and Traders Trust Company (M&T) and M&T was granted a security interest in the lease and in the rental payments that Sunbird was required to make. Sunbird, pursuant to the lease, procured insurance from USF&G covering the leased equipment and other equipment owned by Sunbird. The policy named Sunbird and M&T as loss payees. Claiming that both the leased equipment and its own were stolen in February 1981, Sunbird made claim against USF&G for its

entire loss in the sum of $126,000. On the assertion that the claim was false and fraudulent, thus voiding the policy, USF&G refused to pay the claim. To secure its rights under the policy, and to recover for the loss of its interest in the leased equipment, as well as its own, petitioner, on behalf of Sunbird, brought action No. 1 against USF&G in August 1981. USF&G asserted the affirmative defense that Sunbird's misrepresentation and fraud voided the "entire policy." In January 1982 M&T commenced action No. 2 against USF&G seeking payment for the theft loss under the policy. Actions Nos. 1 and 2 were joined without consolidation for trial.

After commencement of actions Nos. 1 and 2, petitioner withdrew as Sunbird's attorneys. On petitioner's application in August 1983, Special Term issued an order granting petitioner an attorney's lien pursuant to section 475 of the Judiciary Law "on the claims and causes of action asserted by Sunbird." Actions Nos. 1 and 2 were both settled. Separate general releases, each reciting a settlement sum of $40,000, were given to USF&G by Sunbird and M&T. USF&G's settlement check in the sum of $40,000 is payable to Sunbird and M&T, their respective attorneys and petitioner.

M&T and Sunbird argue that the agreement among the settling parties relates only to claims made in action No. 2 by M&T and not to claims made by Sunbird in action No. 1. It is further asserted that because the parties have agreed that the entire proceeds of the settlement will be given to M&T, there are no proceeds to which petitioner's lien can attach. Indeed, Special Term concluded that because "Sunbird will not receive any of the proceeds of the settlement, there is no fund against which the amount of a retaining lien can be fixed." While it is undoubtedly true that M&T and Sunbird agreed that M&T will be given the entire sum of $40,000 paid by USF&G in settlement of the dispute, the settlement documents, to the extent that they appear in the record, demonstrate clearly that the settlement resolves all of Sunbird's claims against USF&G. In any event, the attorney's lien which attached to the proceeds "cannot be affected by any settlement between the parties"; it attaches to the proceeds "in whatever hands they may come" (Judiciary Law § 475).

The determination that petitioner has an attorney's lien against the proceeds of the settlement does not resolve the dispute among the parties. Special Term did not address the issue of whether petitioner's lien takes precedence over M&T's security interest in the proceeds (see, *Effective Communications W. v Board of Coop. Educ. Servs.*, 84 AD2d 941). The

matter must be remitted to Special Term for determination of that issue, and, as the circumstances require, to establish the amounts of both the lien and the security interest. (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—attorney's fees.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.