**COLORADO NATIONAL BANK–BOULDER, Intervenor–Appellant and Cross–Appellee,**

v.

**ZEROBNICK & SANDER, P.C., Appellee and Cross–Appellant.**

No. 86CA0554.

Colorado Court of Appeals, Div. VII.

Jan. 26, 1989.

Steven E. Harris, Hurth, Yeager & Sisk, Fred Y. Boyer, Boulder, for intervenor-appellant and cross-appellee.

Zerobnick and Sander, P.C., Martin Zerobnick, Gwen Jarahian Young, Joseph A. Margoshes, Lutz & Berkowitz, P.C., and Martin Zerobnick, Denver, for appellee and cross-appellant.

PIERCE, Judge.

Intervenor, Colorado National Bank–Boulder (Bank), appeals the trial court's determination that an attorney's lien under § 12–5–119, C.R.S., has priority over its perfected security interest. Zerobnick & Sander, P.C. (Zerobnick), cross-appeals the trial court's denial of an increase in the lien for services prior to judgment and an attorney's lien for post-judgment services. We reverse as to the principal appeal and affirm as to the cross-appeal.

Zerobnick represented Colorado Western Manufacturing, Inc., in an action to recover certain stirrup molds from one Stadler. Bank intervened, claiming a prior perfected security interest in the molds. The trial court determined that the Bank's interest had priority over Colorado Western's but that Zerobnick's attorney's lien had priority over the Bank.

## I.

■ Bank contends that its perfected security interest in the molds cannot be displaced by a subsequent attorney's lien. We agree.

Section 4–9–104(c), C.R.S., provides that the Uniform Commercial Code is inapplicable to a lien for services, including an attorney's lien. However, under § 4–9–104(c), such a lien is subject to the provisions of § 4–9–310, C.R.S., which states:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services does not take priority over perfected security interests unless a statute expressly provides otherwise."

When read together, these two sections, while providing a first lien to an attorney, make that lien attach to whatever interest his client has in the property at the time the attorney's lien attaches. Inasmuch as here the interest of the client was subject to the encumbrance held by the Bank, the attorney's lien is also subject to the prior perfected security interest. *See Effective Communications, Inc. v. Board of Cooperative Educational Services*, 84 A.D.2d 941, 446 N.Y.S.2d 684 (1981).

## II.

Zerobnick contends it is entitled to an increase in its lien for services prior to judgment. In a different action, the Bank obtained an order directing Zerobnick to pay to it over $5,900 Zerobnick had received from Colorado Western. Zerobnick had credited this amount to Colorado Western's account before it obtained its lien. Zerobnick argues that it should be permitted to increase its lien to cover this amount. We disagree.

■ The trial court concluded that to permit this increase would in effect overrule the other court's order. A judgment entered by a court is presumed to be correct, and the appellant has the burden to overcome that presumption. The appellate court can look only to the record to determine whether the trial court was correct. *Laessig v. May D & F*, 157 Colo. 260, 402 P.2d 183 (1965). A party cannot overcome a deficiency in the record by statements in a brief. *Loomis v. Seely*, 677 P.2d 400 (Colo.App.1983).

Here, the record does not contain the other court's order. Therefore, we presume the trial court correctly decided it could not alter the priorities established in that order.

## III.

■ Zerobnick contends that it is entitled to a lien for services rendered post-judgment. We disagree.

Zerobnick concedes that there is no case law on whether an attorney may include a lien under § 12–5–119, C.R.S. with charges for enforcing that lien. That section states that the lien covers "any fees or balance of fees due or to become due from any client." Here, the post-judgment fees Zerobnick seeks relate to a contempt citation against Zerobnick and to enforcement of the lien, and Zerobnick has not shown that its client is responsible for these fees. Under these facts, the fees for enforcing the lien and defending the contempt citation are not includable in the lien.

That portion of the court's order giving the attorney's lien priority over the Bank's previously perfected security interest is reversed and remanded to the district court for correction of judgment. The remainder of the order is affirmed.

STATLER * and CALVERT *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).