■ WEG AND MYERS, P. C., Respondent, v BANESTO BANKING CORPORATION et al., Appellants, and BELL ATLANTIC TRICON LEASING CORPORATION et al., Respondents, et al., Defendant.—Order of the Supreme Court, New York County (Carol Huff, J.), entered November 26, 1990, which granted summary judgment to plaintiff, Weg and Myers, P. C., and defendants Azus and Kanin Associates, Inc., and Bell Atlantic Tricon, is unanimously reversed, on the law, and the respective motions for summary judgment are denied, without costs or disbursements.

Hollin Furniture and Dinette Corp. ("Hollin") was destroyed by fire. This interpleader action is a contest among the creditors of Hollin as to the insurance proceeds received as a result of the fire.

Hollin retained the law firm of Weg and Myers, P. C., plaintiff, to negotiate with the insurer. Hollin also retained Azus and Kanin as public adjusters. Weg and Myers' retainer agreement with Hollin provided that it would receive 15% of any insurance proceeds. Azus and Kanin's agreement with Hollin provided for it to receive 10% of any amount recovered from insurance.

Eventually, Weg and Myers settled Hollin's claim with its insurer for $254,687.16. One check for that amount was made payable to Weg and Myers, Azus and Kanin and several other creditors of Hollin. Since the additional creditors refused to endorse the check, Weg and Myers instituted this interpleader action against all of Hollin's creditors.

Weg and Myers' motion for summary judgment on behalf of itself and Azus and Kanin was opposed by all non-moving parties on the grounds that their rights should take priority over those of the movants.

Defendant, Banesto Banking Corporation, noted that it is owed $295,206.37, plus interest, as a result of loans made to Hollin which were absolutely and unconditionally guaranteed. As collateral security for the repayment of the obligation, Hollin granted to Banesto a perfected first security interest in

and upon all of the personal property, assets and fixtures and the products and proceeds thereof (including without limitation, insurance proceeds and contract rights) of Hollin.

After the fire, however, in order to insure that the proceeds of the insurance policy were collected, Banesto agreed that, to the extent that insurance proceeds were collected as a result of their efforts, Weg and Myers could receive their reasonable legal fees out of the proceeds of the policy, notwithstanding Banesto's prior perfected security interest.

The IAS court granted plaintiff's motion, awarding 15% and 10% of the proceeds to plaintiff and Azus and Kanin, respectively. Thereafter, the IAS court treated a motion by defendant Bell Atlantic Tricon (Tricon) for reconsideration as a motion to vacate a default and granted it, to the extent of directing that Tricon's security interest of $17,611.61 also be paid out of the insurance proceeds.

The IAS court's first decision determined that the liens of an attorney and a public adjuster take priority over creditors with prior perfected security interests in the insurance proceeds. However, the later decision found that Tricon had a "filed security interest" and that this "security interest is superior to the charging lien of the plaintiff-attorney for the defendant-insured."

Plaintiff's rights are not derived from Judiciary Law § 475 since that section grants a charging lien to an attorney only when there has been an appearance by that attorney in an action which creates or is the source of the funds against which the lien is asserted. *(See, Effective Communications W. v Board of Coop. Educ. Servs.,* 84 AD2d 941.) Here, however, Weg and Myers obtained a pre-litigation settlement, from which it derives no rights pursuant to section 475.

Defendants Hoffman and Davidian had a prior filed mortgage lien on the property ruined by the fire. Also, Banesto had a prior security agreement which reserved to Banesto all the cash proceeds, including proceeds of insurance although Banesto gave Weg and Myers priority for reasonable legal fees to assure that the insurance proceeds would be recovered. Banesto maintains, however, that it was never advised of the exact amount of plaintiff's fees and that it only intended any fee to the attorneys be reasonable. Further, with respect to plaintiff's fees, the IAS court improperly failed to recognize the priority of the mortgagees' Hoffman and Davidian's liens. *(See, Effective Communications W. v Board of Coop. Educ. Servs., supra,* 84 AD2d 941.)

With respect to the claim of the public adjuster, Azus and Kanin, it has no right to funds owed to a holder of a prior security interest who had no notice of the public adjuster's services. When such a creditor or secured party has, as do Banesto and the mortgagees herein, an agreement with the insured to protect the creditor's interests in insurance proceeds but no agreement with the adjuster, the adjuster works at his peril. *(Public Adj. Bur. v Bankers Fed. Sav. & Loan Assn.,* 83 Misc 2d 317, *affd* 91 Misc 2d 118, *affd* 61 AD2d 930; *Krauss v Central Ins. Co.,* 40 NYS2d 736.)

The mortgagees in their mortgage documents, and Banesto in its security agreement with Hollin, reserved to themselves the proceeds of any insurance claim made with respect to their secured collateral. In addition, there was insufficient evidence presented on the motion substantiating the claim of Azus and Kanin consisting only of the hearsay affidavit of Weg and Myers.

While Azus and Kanin argues that it is entitled to proceeds on the basis of equitable consideration, equity will not allow a debtor to make any agreement it might wish which would have the effect of destroying the pre-existing rights of secured parties.

With respect to Tricon, it had a duty to show that the specific leased personal property in which it had a security interest was damaged by the fire for which insurance proceeds were paid. It also had to establish the fair market value of the property at the time of the loss. Indeed, Tricon may not be awarded a recovery on a lesser showing than would have been required of the insured itself. However, the only allegation that specific items were lost in the fire was made, not by employees of Tricon, nor by Hollin's personnel, but by Tricon's attorneys, who had no personal knowledge of the incident and who merely stated "upon information and belief, the interpleader funds include payment for damages to the equipment." Clearly, there was an insufficient evidentiary showing to warrant summary judgment in Tricon's favor. Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.