**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of L.J. III, a Child, and Concerning C.E.H., Respondent–Appellant.**

**No. 91CA1493.**

Colorado Court of Appeals, Div. I.

July 30, 1992.

Robert R. Gallagher, Jr., Dist. Atty., Lisa Z. Koch, Deputy Dist. Atty., Englewood, for petitioner-appellee.

Jennifer A. Rivera, Denver, for respondent-appellant.

Opinion by Judge PIERCE.

In this consolidated action to determine paternity and child support, respondent, C.E.H., appeals from a judgment of the district court adjudging him to be the biological father of the minor child, L.J. III. We affirm.

L.J. III was born on April 28, 1978, during the marriage of mother and L.J., who by virtue of § 19–4–105(1)(a), C.R.S. (1991 Cum.Supp.) was the presumed father. Approximately ten years later, in May 1988, mother filed a petition for dissolution of marriage. During the dissolution proceeding, the People, acting through the Arapahoe County Department of Social Services (Department), on behalf of the minor child, initiated a paternity action against both L.J. and respondent.

The trial court consolidated the paternity and dissolution actions, appointed a guardian ad litem to represent the child, and ordered the two men to undergo blood tests. The tests revealed a 99.47% probability that respondent was the child's biological father and showed conclusively that L.J. could not be the child's biological father.

Thereafter, the trial court entered orders determining respondent to be the child's father and making him liable for the child's future support. This appeal followed.

On appeal, respondent contends that the paternity action was barred by the five-year limitation period contained in § 19–4–107(1)(b), C.R.S. (1991 Cum.Supp.). We disagree.

■ When, as here, the issue of paternity is raised in conjunction with a determination of child support under the Uniform Dissolution of Marriage Act, the court must determine, according to procedures outlined under the Uniform Parentage Act (UPA), § 19–4–101, C.R.S. (1991 Cum. Supp.), whether the parent to be charged owes a duty of support to the child. *State of Kansas ex rel. Daniels v. Daniels,* 817 P.2d 632 (Colo.App.1991); *In re Marriage of De La Cruz,* 791 P.2d 1254 (Colo.App. 1990).

In this case the appellate record is incomplete and does not indicate how the paternity dispute arose in the dissolution action. During a subsequent hearing, however, mother testified, without contradiction, that she separated from her husband, L.J., when the child was eight years old and began cohabitating with respondent. The testimony indicates that, at that time, respondent insisted that the child be told of his parentage and further insisted that the child sever his filial relationship with L.J. Although mother subsequently separated from respondent, she testified that the child and respondent have maintained a parent-child relationship with regular, bi-weekly visitation, while the parent-child relationship between the child and L.J. has been severed.

■ Absent a paternity dispute, the child support obligation would have been assessed against, L.J., the presumed father in the dissolution action. Accordingly, we assume that the presumed father disputed his obligation to support the child in that action. *See Hinshaw v. Dyer,* 166 Colo. 394, 443 P.2d 992 (1968) (if appellate record is incomplete, regularity and correctness of trial court proceedings presumed).

■ A presumed father under § 19–4–105(1)(a) can assert nonpaternity as a defense to a duty of support asserted against him, notwithstanding that the time limitations contained in § 19–4–107(1)(b), C.R.S. (1991 Cum.Supp.) would preclude him from bringing an action affirmatively to disavow the father-child relationship. *People in Interest of R.T.L.,* 780 P.2d 508 (Colo.1989).

In holding that § 19–4–107(1)(b) does not bar a suit by a presumed father to a claimed duty of support in child support actions, our supreme court stated:

Nowhere does the statute limit the time within which a presumed father may assert as a defense the nonexistence of the father and child relationship. Consequently, this case falls squarely within the general rule "that a statute of limitations, although barring the use of a claim for affirmative relief after the limitations period has run, is not a bar to asserting that claim as a defense." (citation omitted)

*People in Interest of R.T.L., supra.*

■ This case involves an alleged biological father in addition to a presumed father. And, it is the putative biological father who here seeks to use § 19–4–107(1)(b) as a shield against his own parental obligations.

We hold, however, that the putative biological father may not use the statute as a shield to bar his obligations to his child or to deprive the presumptive father of his right to assert nonpaternity as a defense. In reaching this conclusion, we agree with dicta set forth by our supreme court in *People in Interest of R.T.L., supra* (fn. 13), in which it stated:

> [C]onstruing the five-year statute of limitations as barring only the bringing actions to declare the non-existence of the father and child relationship does not foreclose the Department from recovering against another man in the event that the presumed father successfully rebuts paternity. Rather, once the presumption has been rebutted, paternity of the child by another man may be determined in the same action if the man has been made a party, § 19–4–107(1)(b), or in a separate action brought at any time up to the child's eighteenth or twenty-first birthday, depending upon the person or entity by which the proceeding is brought, § 19–4–108. Consequently, the ultimate financial burden falls on the child's biological father, or if he cannot be located, on the taxpayers. However, the burden will not fall on a presumed father who can rebut the presumption by clear and convincing evidence.

The procedures suggested by this footnote have been followed here.

While there appears to be a question of estoppel applicable here regarding respondent, we need not reach that issue because, based on the limited record before us, we find no merit to respondent's contention that the limitation period under § 19–4–107(1)(b) deprived the trial court of subject matter jurisdiction to adjudicate the parental duty of support.

Furthermore, respondent's reliance on *M.R.D. v. F.M.*, 805 P.2d 1200 (Colo.App. 1991), for a contrary result is misplaced. In contrast to the facts here, the presumed father in that case sought to assert nonpaternity as a basis for affirmative relief, *i.e.*, monetary damages. In the present case, respondent is challenging the adjudication of paternity which would establish his parental rights, duties, and obligations in the context of a dissolution of marriage action.

The judgment is affirmed.

HUME and ROTHENBERG, JJ., concur.