Camacho v G&R Garage (2024 NY Slip Op 00931)

Camacho v G&R Garage

2024 NY Slip Op 00931

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Index No. 20634/14 Appeal No. 1732 Case No. 2023-04394 

[*1]Kisha Camacho, Plaintiff,
v
G&R Garage et al., Defendants. Napoli Shkolnik, PLLC, Nonparty Appellant. Hausman & Pendzick, Nonparty-Respondent.

Napoli Shkolnik, PLLC, New York (Nestor D. Galarza of counsel), for appellant.
Hausman & Pendzick, Pound Ridge (Elizabeth M. Pendzick of counsel), for respondent

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered February 3, 2023, which denied nonparty appellant Napoli Shkolnik, PLLC's motion for legal fees, unanimously affirmed, with costs.
Napoli Shkolnik failed to establish that it was entitled to a charging lien upon the settlement proceeds in the underlying personal injury action, as it neither commenced the action nor appeared on plaintiff's behalf during any part of the legal proceeding (see Judiciary Law § 475; Cabukyuksel v Ascot Props., LLC, 99 AD3d 405, 406-407 [1st Dept 2012]; see also Weg & Myers v Banesto Banking Corp., 175 AD2d 65, 66 [1st Dept 1991]). Napoli Shkolnik also failed to submit a retainer agreement showing that plaintiff retained the firm to pursue her claims. Accordingly, Napoli Shkolnik's remedy is a plenary action, where it can obtain the discovery it seeks here (see Cabukyuksel, 99 AD3d at 407). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2024