**L. C. CARRETHERS, Plaintiff,**

v.

**ST. LOUIS-SAN FRANCISCO RAILWAY CO., a Missouri Corporation, and/or Ben Franklin, Service Agent, Defendant.**

Civ. No. 64–330.

United States District Court
W. D. Oklahoma.
Feb. 13, 1967.

Howard C. Triggs, Oklahoma City, Okl., for plaintiff.

Harvey L. Harmon, Oklahoma City, Okl., for defendant.

## ORDER DENYING MOTION TO VACATE

DAUGHERTY, District Judge.

The plaintiff, L. C. Carrethers, on November 22, 1966, moved to dismiss the Order of Dismissal entered herein on November 25, 1964. The plaintiff relies on Rule 60(b) (6), Federal Rules Civil Procedure, 28 U.S.C.A.[1] At the direction of the Court the defendant has filed a response to said motion. An evidentiary hearing has been conducted and both parties have briefed and orally argued the motion.

The injury alleged to have been sustained by the plaintiff while employed by the defendant is claimed to have occurred on November 25, 1962. He first contacted or engaged an attorney in Oklahoma City who apparently filed nothing. On November 7, 1963, he employed his first attorney of record herein who filed for plaintiff a claim against the defendant for said injury in the Oklahoma State Industrial Court on November 8, 1963. On July 16, 1964, he then filed this case for the same injury in State Court which was removed to this Court. On August 6, 1964, the defendant filed a Motion to Dismiss herein because of the pending State Industrial Court claim for the same injury. On August 29, 1964, the Court ordered the plaintiff to respond to said motion in ten days. This was not done but a Motion to Remand was filed by the plaintiff within said period which was overruled by the Court on October 12, 1964, at which time the plaintiff was again ordered to respond to said Motion to Dismiss and do so within twenty days from that date. This Order was not complied with, nor was an extension of time requested. On November 25, 1964, the Court dismissed this action without prejudice for failure of plaintiff to respond to the defendants' Motion to Dismiss. In January, 1965, the plaintiff personally called the office of this Court and talked to a staff member who advised him that his case in this Court had been dismissed for the above mentioned failure to respond to the defendants' Motion to Dismiss and that he could move to vacate the dismissal order if he desired. The plaintiff testified that he made this call and received this information but that he did not contact his attorney upon receiving this information. On October 27, 1965, the plaintiff wrote his attorney a letter discharging him. He then contacted another attorney but this attorney did nothing in this case. Then again on July 28, 1966, the plaintiff for the second time wrote his attorney of record herein and discharged him. Sometime thereafter he contacted another attorney who referred him to his present attorney who on November 22, 1966, filed the

---

1. Rule 60(b), Federal Rules Civil Procedure, 28 U.S.C.A., as pertinent herein provides as follows:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * *"

above mentioned Motion to Vacate on behalf of the plaintiff.

The plaintiff's attorney herein when the Order of Dismissal was entered in this matter on November 25, 1964, acknowledged receiving a copy of the same from the Court and that he took no action regarding the same stating as his reason that after advising the plaintiff of the Order of Dismissal entered herein the plaintiff instructed him to do nothing about it as he wanted to dismiss the case since he was trying to improve his relations with the defendant. The plaintiff denied this but did testify that he personally learned of the Dismissal Order herein in January, 1965, as aforesaid and did not thereafter discuss the case or the Dismissal Order with his then attorney or give him any instructions regarding the case or the Dismissal Order.

■ For the extraordinary relief called for by Rule 60(b) (6) to be granted, the extraordinary circumstances must be fully substantiated by adequate proof and its exceptional character must be clearly established to the satisfaction of the District Court. Ackerman v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Federal Deposit Ins. Corp. v. Alker, (Third Cir.–1956) 234 F.2d 113; Mach v. Penn. R. Co., (D.C. Pa.–1961) 198 F.Supp. 473.

■ There is also authority to the effect that one may not resort to Rule 60(b) (6) if he is represented by counsel and is not deprived of the opportunity of appealing. Whiteleather v. United States, (Sixth Cir.–1959) 264 F.2d 861. Further, the granting of such relief is subject to the general rules of equity and one ground of refusal is that of contributory fault where one has failed to use care to protect his interests or after ascertaining the facts failing promptly to seek redress. Ira S. Bushey & Sons v. W. E. Hedger Transp. Corp., (Second Cir.–1948) 167 F.2d 9 at page 18, cert. denied 335 U.S. 816, 69 S.Ct. 36, 93 L.Ed. 371.

Under the evidence presented to the Court, if the testimony of plaintiff's former attorney herein is adopted, the plaintiff voluntarily abandoned this case upon being advised that it had been dismissed without prejudice. At that time the plaintiff could have filed a new FELA case in State Court and thereby corrected the error of his previous State Court Petition which permitted removal or he could have moved to vacate the Order of Dismissal entered herein.

But notwithstanding the testimony of plaintiff's former attorney and giving the plaintiff the benefit of the doubt with respect to this conflicting testimony, the plaintiff himself learned personally of the dismissal herein within two months after entry but did not then discuss the matter with his attorney or otherwise cause anything to be done herein or in any other Court for nearly two years.

■■ The Court finds and concludes under the evidence that the plaintiff was advised by his attorney of the dismissal herein and then abandoned this case, and the Court further finds and concludes that the plaintiff himself, if the above finding and conclusion is erroneous, has been guilty of neglect in failing to use due care to protect his interests after learning of the dismissal herein. The ground of "excusable neglect" is not available herein under Rule 60(b) (1) because it must be raised within one year and this period of time has passed. The aforesaid neglect of the plaintiff is deemed *inexcusable* rather than "excusable neglect" under the evidence herein. If "excusable neglect" cannot be raised except within a year then certainly *inexcusable neglect* should not be given more favorable treatment and thus cannot be said to be "any other reason justifying relief" under Rule 60(b) (6). In other words, inexcusable neglect which here also amounts to contributory fault by the plaintiff will not provide the necessary extraordinary circumstances to warrant the extraordinary relief afforded by Rule 60(b) (6).

■ Moreover, the Motion to Vacate has not been filed herein within a reasonable time. The plaintiff himself, by

his own testimony, learned of the dismissal in January, 1965. He had an attorney of record in the case. He waited until October 27, 1965, to discharge this attorney. He waited until November 22, 1966, or nearly two years before moving to vacate the Order of Dismissal. Under the evidence, the defendant would suffer prejudice if now made to proceed to trial herein.

Accordingly, the Court finds and concludes that the plaintiff voluntarily abandoned this suit after the same was dismissed or if this is not correct the plaintiff himself has been guilty of contributory fault and inexcusable neglect in not looking after his interests upon personal notification of the dismissal herein and further that in waiting nearly two years before moving to vacate the Order of Dismissal herein under the circumstances shown by the evidence the said motion was not filed within a reasonable time.

The plaintiff's Motion to Vacate is denied.