No. 21561.

IRVING B. LEVINE AND MERRILL B. LEVINE BY HIS NEXT FRIEND, IRVING B. LEVINE *v.* COLORADO TRANSPORTATION CO., A CORPORATION, AND "JOHN DOE" A PERSON WHOSE TRUE NAME IS UNKNOWN, AND TIMES-CALL NEWSPAPER.

(429 P.2d 274)

Decided July 3, 1967.

Schey and Schey, Michael T. Malone, for plaintiffs in error.

Robert W. Hansen, for defendants in error Colorado Transportation Co., a Corporation and John Doe, a person whose true name is unknown.

Allen Stover and Mitchell, Garth W. Rogers, for defendant in error Times-Call Newspaper.

*In Department.*

Opinion by William L. Gobin.*

Plaintiffs in error, Irving B. Levine and Merrill B. Levine, father and son, sought damages by a complaint filed in the district court on August 8, 1962. It was alleged that the son was injured on a ski tow owned by Colorado Transportation Co. and operated by "John Doe, a person whose true name is unknown," then acting within the scope of his employment. In addition to other pleadings, the defendants filed a third-party complaint alleging that Times-Call Newspaper, as supervisor of a ski school in the area where the injury occurred, should be joined as a third-party defendant. The parties are here referred to as plaintiffs, defendants, and third-party defendant as they appeared in the trial court.

On July 18, 1963, the trial court clerk mailed a form notice to the parties that unless progress was made prior to September 3, 1963, term day, the court would

*District Judge sitting under assignment of the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

automatically enter an order of dismissal. On term day the court granted the defendants ten days to answer and stated that if no further affirmative action, other than filing, was taken within the September-1963 term of court, the case would be dismissed at the end of the term for failure to prosecute, "there having been no satisfactory progress during the last term of court." Thereafter, the defendants filed their answer.

On January 21, 1964, the clerk mailed a second form notice requiring progress prior to term day, March 3, 1964. Following this a third-party summons showing service was filed and the third-party defendant filed its answer. On February 28, 1964, plaintiffs filed a motion to amend their complaint by substituting Richard Noel Statham as co-defendant with Colorado Transportation Co. in place of "John Doe, a person whose name is unknown."

On July 22, 1964, the clerk mailed another form notice requiring progress by term day, September 1, 1964. On August 28, 1964, plaintiffs issued a notice that they would apply to the court to hear their motion to amend their complaint on September 21, 1964.

On September 1, 1964, the term day, the court on its own motion, without hearing, entered an order finding that pursuant to R.C.P. 41 (b) (2) and rule of the trial court, no progress had been made during the term prior nor since the mailing of the notice; it thereupon ordered the case dismissed with prejudice.

From this order plaintiffs prosecute this writ of error. Only plaintiffs and third-party defendant submitted briefs, although all parties participated in the argument. Plaintiffs' brief recites matters such as negotiations of the parties, inability of the attorneys to be present at sessions of court, and similar things which are not a part of the record.

Rule 13(1)(c) of the trial court up to July 10, 1964, provided:

"If notice has been given and no progress made or

order entered of record in said current term, the court shall automatically enter an order of dismissal with prejudice on term day unless otherwise ordered by the court."

On July 10, 1964, the following was added to the rule by the trial court:

"The mere filing of an instrument will not be considered progress of record unless it is a pleading required by the rules of civil procedure and is filed within the time required by the rules."

Plaintiffs contend that they were not advised of this addendum prior to September 1, 1964, term day, and what the court deemed to be "progress" within the meaning of the rule as it was prior to the amendment. They state that the court's narrow construction of the word created a trap; they were completely surprised by the construction the court gave to the word "progress." They maintain that notice for their motion, to be heard, filed before the term day constituted "progress" in the normal and ordinary definition of the word and, since none of the parties urged dismissal and no one objected to the action being set for hearing and trial, the court abused its discretion in dismissing the action on its own motion.

■ "Progress" is defined by Webster as a moving forward, a proceeding onward, an advance. The notice to hear the motion on September 21, 1964, although not given until August 28, 1964, only three days before the new term began, was an action which falls within the normal meaning of that word.

■ The following language from *Mizer v. Jones*, 157 Colo. 535, 403 P.2d 767, is applicable here:

"Although a trial court may dismiss an action for failure to prosecute, *Yampa Valley Coal Company v. Velotta*, 83 Colo. 235, 263 Pac. 717, yet it is worthy of note that courts do exist primarily to afford a forum to settle litigable matters between disputing parties. *Rudd v. Rogerson*, 152 Colo. 370, 381 P.2d 995. * * * In the final

analysis, courts have the responsibility to do justice between disputing parties, and one's day in court should not be denied except upon a serious showing of wilful default. * * *"

 A court's attempts to dispose of and settle expeditiously the disputes brought before it are laudable. Where, however, as here, no party has sought a dismissal, the plaintiffs were seeking to proceed with a hearing on a motion they had filed, no hearing was had on the question of justifiable cause for dismissal, and no findings of wilful default were made by the court, under such circumstances it was error for the court "automatically" to dismiss the action.

The judgment is reversed and the cause remanded with directions to proceed with the case.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.