No. 23815.

ALICE M. SMITH *v.* LESTER CALVIN BOTT.
(454 P.2d 82)

Decided May 12, 1969.

Samuel Berman, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

This was a paternity proceeding brought by Alice M. Smith, plaintiff in error, against Lester Calvin Bott, defendant in error, under C.R.S. 1963, 22-6-1 *et seq.* relative to a child born to Alice on December 28, 1965. Earlier Alice had filed a proceeding under the same statute in the District Court of Jefferson County which was dismissed on the court's own motion under that court's Rule 18 on the premise "that no action [had] been taken * * * for no less than one term of the court."

Rule 18 was apparently adopted by the District Court of Jefferson County pursuant to R.C.P. Colo. 41(b)(2). One of Alice's attorneys (she had a series of attorneys representing her during the pendency of the proceedings in the District Court of Jefferson County) filed a timely motion to reinstate the claim, setting forth in considerable detail excuses, reasons, or alleged justification for court inactivity in her behalf. The court summarily and without any finding of willful default denied the motion to reinstate, although this court has made it

clear that such a finding is necessary. See, *Levine v. Colorado Transportation Co.*, 163 Colo. 215, 429 P.2d 274; *Mizar v. Jones*, 157 Colo. 535, 403 P.2d 767. The rule requiring such finding is necessary in order to maintain consistency with the general policy of this court encouraging the disposition of litigation on its merits rather than by the imposition of a technical rule.

In response to the complaint filed by present counsel in Arapahoe County, Lester invoked the judgment of dismissal of the District Court of Jefferson County as a bar to further proceedings. In short, Lester asserted that the Jefferson County judgment was *res judicata,* particularly in view of R.C.P. Colo. 41(b)(2) which provides that, "Actions not prosecuted or brought to trial with due diligence may, on notice, be dismissed with *prejudice* by the court pursuant to rules adopted by it." (Emphasis added.) The District Court of Arapahoe County dismissed the proceedings without prejudice with the statement that the plaintiff in error might "pursue any other action she may choose in any other jurisdiction."

We have no choice but to affirm this last order of dismissal as to do otherwise would constitute a collateral attack upon the judgment of the District Court of Jefferson County.

The one most directly affected by the tragedy of errors above, the infant son born to Alice, may have rights which have not been foreclosed by the proceedings in Jefferson County.

In this connection it should be noted that since the conception and birth of Alice's child in 1965 several significant changes have occurred in the law relating to illegitimate children as the result of the passage of The Children's Code in 1967. For a discussion on the effect of changes in the law on judgments in bastardy proceedings, see Annotation, 37 A.L.R.2d 836.

The judgment is affirmed.