174

No. 23981.

LYLE HATCHER *v.* OLIVE IRENE HATCHER.
(454 P.2d 812)

Decided May 26, 1969. Rehearing stricken filed too late June 23, 1969.

KRIPKE, HOFFMAN, CARRIGAN & DUFTY, P.C., for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

PLAINTIFF in error was plaintiff below and defendant in error was defendant. They will herein be referred to as they appeared in the trial court.

At the outset it should be noted that counsel for plaintiff in this proceeding were not his counsel in the trial court.

Plaintiff commenced an action for divorce against defendant on August 18, 1959, in the Jefferson County District Court, praying for an absolute divorce upon the statutory grounds of cruelty. Service upon defendant by publication was complete on September 24, 1959. Defendant failed to answer the complaint within thirty days from the date of service of process and no formal appearance was ever entered by defendant in the action. On November 23, 1959, plaintiff was permitted to present his testimony in support of his claim for divorce, although ninety days had not then expired from the date of service upon defendant. At this hearing the record indicates an attorney was present for the defendant although defendant was not personally in attendance at the hearing.

The court in permitting plaintiff to testify stated as follows:

"I will hear the testimony; take it under advisement and enter the decree at a later time."

The testimony of plaintiff was presented and amply supported his claim for divorce upon the grounds of cruelty. At the conclusion of the evidence, the court stated:

"The Court having heard the testimony of Mr. Hatcher, and being aware that the time has not yet expired for the taking of the decree, and having been advised that Mr. Hatcher may not be available to testify at the time the decree may be entered — according to the Statute the Court will perpetuate the testimony pursuant to the rules as taken today; and upon application at the proper time sign a decree of divorce."

Thereafter, plaintiff's counsel failed to apply for the entry of a decree of divorce and no decree appears in the court file.

On November 9, 1960, a notice of dismissal was directed to plaintiff's attorney, which stated:

"You are hereby notified that on the 9th day of Novem-

ber, A.D. 1960, the opening day of the November Term, the above entitled action was dismissed under Rule XIII of the Amended Rules of this Court."

The local rule referred to is the correlative of R.C.P. Colo. 41(b)(2), which provides that actions not prosecuted or brought to trial with due diligence may, on notice, be dismissed by the court pursuant to rules adopted by it.

The record indicates that plaintiff was erroneously advised by his attorney that the divorce decree had been entered. He remarried on February 18, 1961, and he and his second wife adopted a child in July of 1964. Plaintiff's second wife died June 23, 1965, and plaintiff married a third time. In October of 1967, plaintiff and his third wife attempted to adopt a second child. Being in need of a certified copy of his divorce decree, plaintiff made application and first learned at that time that no divorce decree had in fact ever been entered.

Plaintiff's attorney in August of 1968 filed a Motion for Relief Under Rule 60 of the Colorado Rules of Civil Procedure, alleging that by clerical mistake and oversight the divorce decree was never entered and that the clerk inadvertently dismissed the action under the rules. Plaintiff prayed that the dismissal be set aside and the divorce decree be entered *nunc pro tunc* as of December 23, 1959. The motion was supported by the affidavit of the former trial judge who presided at the time plaintiff's testimony was taken.

The court denied plaintiff's motion for relief under R.C.P. Colo. 60.

The question presented for our determination on this writ of error is whether the court had the authority pursuant to Rule 60 to vacate the order of dismissal for failure to prosecute, and to enter the decree of divorce *nunc pro tunc*.

Although not expressly indicated, plaintiff's motion was framed under R.C.P. Colo. 60(a) which permits the correction at any time of "clerical mistakes in judg-

ments, orders, or other parts of the record and errors therein arising from oversight or omission * * *." Under the undisputed facts set forth above, there was no entry of any judgment or order which needed correction because of clerical mistakes or errors arising from oversight or omission. Nor were there any other parts of the record that needed correction by reason of clerical mistakes therein. The deficiency in the proceedings sought to be supplied was the failure of plaintiff's attorney to prosecute the claim for divorce to a judgment and decree. This failure was not that of the judge in entering an incorrect judgment or decree, or that of the clerk in incorrectly recording the proceedings had in the case; rather, it was the attorney's failure to prosecute with due diligence the proceedings which he had commenced on behalf of plaintiff. Under these circumstances relief was properly denied under R.C.P. Colo. 60 (a).

The judgment is affirmed.