## No. 24418.

### ALICE MAXINE SMITH *v.* LESTER CALVIN BOTT.
(472 P.2d 137)

Decided July 20, 1970.

SAMUEL BERMAN, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS is a contest between Alice Maxine Smith and Lester Calvin Bott. The contest has taken the litigants into two district courts — those of Jefferson and Arapahoe Counties — and it is before us for the second time and the matter has not yet been considered on its merits.

Miss Smith, on August 3, 1965, commenced proceedings in the County Court of Jefferson County, pursuant to C.R.S. 1963, 22-6-1, as amended, to establish paternity and compel support of a child expected to be born to her about December 12, 1965. Lester Calvin Bott was alleged to be the father of the child. The child was born December 28, 1965.

The litigation was terminated in the District Court of Jefferson County by the application of its Rule 18 — dismissal by the court on its own motion for want of prosecution. On January 23, 1967, the court denied Miss Smith's motion to reinstate. The case was then filed in Arapahoe County.

The litigation was terminated in the District Court of Arapahoe County on the basis of defendant's claim that the Jefferson County judgment was *res judicata.* In

*Smith v. Bott,* decided May 12, 1969, we affirmed, stating, "We have no choice but to affirm this last order of dismissal as to do otherwise would constitute a collateral attack upon the judgment of the District Court of Jefferson County." — *Smith v. Bott,* 169, Colo. 133, 454 P.2d 82.

Miss Smith, following the announcement of our decision in *Smith v. Bott, supra,* on June 16, 1969, filed a second motion to reinstate the proceedings in the District Court of Jefferson County. The same judge who had heard and denied the first motion, after a full hearing, on September 16, 1969, denied the second motion "for the same reasons as set forth by the Court at the hearing held on January 23, 1967."

The reason given for the January 23, 1967, denial of the motion to reinstate was,

"This case was dismissed by a court rule by the presiding judge on the 4th of October [1966] for lack of prosecution, and I see no reason for it to be reinstated. * * *"

We had the record of the Jefferson County proceedings before us when the case was here the first time. Our opinion in that case pointed out that the Jefferson County District Court "summarily and without any finding of wilful default denied the motion to reinstate, although this court has made it clear that such a finding is necessary." We cited two prior decisions of this court in support of that requirement.

We also pointed out in *Smith v. Bott, supra,* that the initial motion to reinstate the claim was timely filed and that it contained

"* * * in considerable detail excuses, reasons, or alleged justification for court inactivity in her behalf. * * *"

When the hearing was held on the second motion to reinstate (September 16, 1969), Miss Smith testified in detail as to the efforts she had made to get the matter tried or settled from the date of the birth of her child, December 28, 1965, up until January 23, 1967, when the first motion to reinstate was heard.

Miss Smith, in order to contribute to the support of the child and herself, obtained a job out of state. During this period of just over one year she wrote fourteen letters to her lawyers asking that the case be set for trial, offering to make herself available at the convenience of the court, attempting to negotiate through her attorneys a settlement of the controversy and, in general, trying to bring the litigation to a conclusion either by trial or agreement.

At the hearing in 1969 there was sufficient evidence of "no wilful default" on the part of Miss Smith for the court to have made such a finding. The court ignored its responsibility of making such a determination on two occasions, electing instead to rely on a technical rule to clear the docket. The defendant had notice of the hearing, but did not elect to appear.

If the trial court, when it denied the first motion to reinstate, was not aware of this court's oft announced policy that litigation should, wherever possible, be disposed of on its merits, rather than by the employment of technical rules, it should have been cognizant of it in September 1969, for we had said in *Smith v. Bott, supra,* in reference to the necessity of finding "wilful default,"

"* * * The rule requiring such finding is necessary in order to maintain consistency with the general policy of this court encouraging the disposition of litigation on its merits rather than by the imposition of a technical rule."

In view of the fact that a sufficient record is before us to make it abundantly clear that there was no wilful default on the part of the plaintiff, we order the trial court to reinstate the proceedings and to set the matter for an early hearing on the merits.

One other matter calls for a brief comment. Miss Smith was unemployed and indigent at the outset of these proceedings. She was referred by the Legal Aid Society of Jefferson County to one of their attorneys.

The record indicates that she had three different legal aid attorneys, having been passed from one to another without consulting her. The court apparently permitted attorneys for both sides to withdraw from their representation of the respective parties without any showing of notice to the clients and without regard to the prompt disposition of the litigation. If this is general practice, it should be discontinued.

█ Counsel for Miss Smith was not true to his obligation to the court in failing to advise the court of the settlement negotiations which justifiably accounted for the inactivity which formed the basis for the court's imposition of its Rule 18. Had the court been so advised this litigation, in all probability, would have been justly terminated on its first appearance in the District Court of Jefferson County.

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.