Yvonne CAVANAUGH, d/b/a the Tot College, Plaintiff-Appellant,

v.

STATE of Colorado, DEPARTMENT OF SOCIAL SERVICES, Defendant-Appellee.

No. 80SA304.

Supreme Court of Colorado, En Banc.

March 15, 1982.

Rehearing Denied May 3, 1982.

Joseph A. Davies, P. C., Patrick J. Canty, Joseph A. Davies, Denver, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Maurice G. Knaizer, Asst. Atty. Gen., Human Resources Section, Denver, for defendant-appellee.

LEE, Justice.

This is an appeal from an order of the district court holding the appellant, Yvonne Cavanaugh, in contempt of court. We affirm.

The appellant was the plaintiff in the lower court seeking review under section 24–4–106, C.R.S.1973, of an administrative decision to revoke her license to operate a day-care center for children. Appellant had been the owner and operator of The Tot College in Lakewood, Colorado since 1970. The operation of child care centers is regulated by section 26–6–101, *et seq.*, C.R.S. 1973, which requires licensing from the Colorado State Department of Social Services (Department) in order to maintain certain minimum standards for child care services. Appellant was granted a six-month provisional license to operate her day-care center in April of 1972. Before the license expired, a caseworker for the Department visited The Tot College and prepared a report detailing violations of the regulations found to exist at the child care facilities. A letter summarizing that report was sent to appellant on November 1, 1972, notifying her of the alleged deficiencies and requesting a written response detailing how she planned to correct the violations and comply with the regulations. Appellant did not respond as requested. Later, several attempts were made by the employees of the Department of Social Services to enter and inspect The

Tot College. Each time the appellant or her staff refused to permit inspection. Section 26-6-107, C.R.S.1973, authorizes the Department to make such inspections.[1]

Appellant was several times warned that her license to operate the child care center would not be renewed if she persisted in refusing to allow an inspection.[2] Finally, an administrative hearing was held on June 15, 1975, in accordance with section 26-6-108(3), C.R.S.1973, and section 24-4-105, C.R.S.1973, et seq. Appellant raised several constitutional issues disputing the Department's authority to make inspections of her business. The hearing officer did not consider constitutional arguments, but he determined that the refusal to allow inspection was a sufficient basis upon which to rescind the provisional license and to deny the application for renewal of the license. See section 26-6-108(2)(g), C.R.S.1973.

Appellant then sought judicial review of the administrative decision under section 24-4-106, C.R.S.1973, due to the Department's refusal to renew her license to operate The Tot College. She asked for declaratory relief concerning the constitutionality of section 26-6-101, et seq., C.R.S.1973, and of certain rules and regulations of the Department of Social Services promulgated pursuant to section 26-6-106, C.R.S.1973. Trial was had in January of 1978, and the court entered its final order in accord with the proposed findings submitted by counsel for the Department on June 27, 1978, and affirmed the agency action. The court upheld the constitutionality of the statute and the rules and regulations of the Depart-

ment and enjoined the appellant from further operation of The Tot College without first obtaining a valid license. See, section 26-6-111, C.R.S.1973.

Appellant's counsel then prepared a motion for stay of the judgment pending appeal and a motion requesting an extension of time in which to file a new trial motion. The motions, although served upon opposing counsel, were never filed with the court.[3] Appellate proceedings from the judgment were ineffectively pursued and eventually dismissed.[4] Appellant's counsel was discharged and appellant appeared pro se in subsequent proceedings except as hereinafter noted.

Soon after the judgment was entered, it was observed that The Tot College was still in operation. An investigator for the Department obtained a search warrant and accompanied police to The Tot College to determine if it was operating in violation of the injunction. Twenty-six children were observed on the premises. On August 23, 1978, the district court found the plaintiff in contempt for violating the injunction and ordered her to pay a $300 fine and to be imprisoned in the county jail for five days. She appeared pro se and a stay of execution of the contempt order pending appeal was granted on the condition that appellant refrain from violating the injunction. This appeal was dismissed by the court of appeals for failure to prosecute in December 1978. Because appellant continued to operate her child care facility, she was again found in contempt on February 15, 1979

1. The Department asserted that its employees had attempted to inspect The Tot College on December 4, 1973, December 5, 1973, April 8, 1974, May 17, 1974, May 24, 1974, September 27, 1974, and January 20, 1975, but no inspection was allowed.

2. The Department sent letters addressed to Ms. Cavanaugh on December 18, 1973, May 6, 1974, and April 2, 1975, advising her of the authority to inspect and of the action which would be taken against her if she refused to comply.

3. The Attorney General, as counsel for the Department, on July 10, 1978, filed objections to appellant's motions for a stay and an extension

of time in which to file a new trial motion. These, although noted in the court registry, do not appear in the record. Since appellant's motions were not filed, the Department's objections were never called up for hearing.

4. The record indicates that on July 25, 1978, a notice of appeal to the supreme court was filed, followed by a petition under C.A.R. 21 challenging the propriety of the judgment entered on June 27, 1978. The petition was denied. Relief in the nature of prohibition was also sought in the Supreme Court of the United States, but was denied for failure to comply with the rules of that court.

and the previously ordered fine and imprisonment sentence were executed against her. She duly served her sentence and paid her fine.

Appellant, though unlicensed, persisted in operating the day-care facility and on March 31, 1979 she was fined an additional $1,000 for contempt. The fine was stayed for 30 days and a hearing was scheduled. She obtained new counsel and a continuance was granted. A motion for correction of the record under C.R.C.P. 60(a) and for relief from judgment was filed. Briefs were submitted and arguments were had on the issues relating to the validity of the order of June 27, 1978 and the failure to effectively file a new trial motion. The district court declined to grant the relief requested. The court once again found the plaintiff to be in contempt but stayed its order for 30 days to allow the plaintiff to purge herself of contempt; failing to do so, the $1,000 fine would be imposed. It is from that order the appellant here seeks relief.

### I.

The appellant questions the validity of the Child Care Act because she claims that it was improperly enacted. She refers to the fact that the bill was enacted as an emergency measure, and therefore it is not subject to public referendum.[5] She argues the law was not enacted for the stated reasons and was therefore void. She further contends that the district court was without power to hold her in contempt for violating an injunction entered to enforce the provisions of an invalidly enacted act.

■ We reject the appellant's argument. This court has long held that declarations of purpose in a legislative enactment under this emergency measure ex-emption are conclusive and are not subject to judicial review. *Van Kleeck v. Ramer*, 62 Colo. 4, 156 P. 1108 (1916). We decline to depart from clear precedent at this juncture. A statement of purpose in enacting legislation under this clause is a matter of legislative policy. Therefore, the act is not void because of the enactment procedure utilized.[6]

### II.

■ Appellant's challenge to the contempt order of December 18, 1978, to which this appeal is directed, is based on a collateral attack on the judgment affirming the agency action entered on June 27, 1978. The appellant had 15 days in which to file a motion for a new trial. This was not done. Although motions requesting a stay and an extension of the time in which to file a new trial motion were prepared and served on opposing counsel, they were not filed with the court until the latter part of May 1979, then only as attachments to appellant's C.R.C.P. 60 motion. It is clear that the timely filing of a motion for a new trial is a jurisdictional prerequisite to appellate review. *Rowe v. Watered Down Farms*, 195 Colo. 152, 576 P.2d 172 (1978); *Kopff v. Judd*, 134 Colo. 330, 304 P.2d 623 (1956); *Niles v. Shinkle*, 119 Colo. 458, 204 P.2d 1077 (1949).

■ The appellant argues that the failure to file the motion for new trial was a result of inadvertence and clerical error on the part of either her former counsel or the court clerk. Therefore, she argues, she should not be penalized for the failure to perfect an appeal of the June 27, 1978 judgment. Appellant does not direct us to any facts to support her assertion that the clerk of the court somehow failed to receive and file her motions. We can only conclude

---

5. *See, Colo.Const.* art. V, sec. 1, where provision is made for the reservation to the people of the right of initiative and referendum, as well as the exemption from referendum for those "laws necessary for the immediate preservation of the public peace, health, or safety." *Id.*

6. Nevertheless, there is nothing to deter those citizens who oppose an enacted law from pursuing the constitutional right of initiative. Thus, although invoking the emergency language in the enactment precludes citizen referendum on the law, the initiative power is available to redress the concerns of the citizens of the state. *See, e.g., McKee, et al. v. City of Louisville, et al.*, Colo., 616 P.2d 969 (1980).

that the failure to comply with C.R.C.P. 59 was her counsel's sole responsibility and not that of the clerk of the court.[7]

Appellant's position is that the collateral attack on the judgment of June 27, 1978 is proper since the district court erred in not granting relief from the judgment under C.R.C.P. 60(a) and (b).

■ C.R.C.P. 60(a) allows correction of a clerical mistake by the clerk of the court at any time. Since appellant has not demonstrated a clerical mistake by the clerk and none appears in the record, this basis for relief is groundless. Unexcused attorney failure to diligently proceed on behalf of his client does not constitute clerical error justifying relief under this section. *Hatcher v. Hatcher*, 169 Colo. 174, 454 P.2d 812 (1969); *see also, Link v. Wabash Railroad*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (case dismissal for attorney's unexcused neglect does not unfairly penalize party employing that attorney).

■ Likewise the claim for relief due to inadvertence under Rule 60(b)(1) must also fail. The rule clearly states that such claims must be raised "not more than six months after the judgment, order, or proceeding was entered or taken." The judgment was entered on June 27, 1978, approximately ten months before this issue was raised in appellant's C.R.C.P. 60 motion. Thus, relief under this section of the rule is also unavailable. *Atlas Construction Co. v. District Ct.*, 197 Colo. 66, 589 P.2d 953 (1979), *Love v. Rocky Mountain Kennel Club*, 33 Colo.App. 4, 514 P.2d 336 (1973).

■ Rule 60 also contains a residuary clause which allows relief from judgment for "any other reason justifying relief from the operation of the judgment," in addition to those specifically enumerated in other subsections of the rule. C.R.C.P. 60(b)(5); *Atlas Construction Co., supra; see also* Fed. R.Civ.P. 60(b)(6), which corresponds exactly to the Colorado rule. However, even the expansive "any other reason" language has been narrowly interpreted so as to avoid undercutting the preferred rule of finality of judgments. Rule 60 is not a substitute for appeal, but instead is meant to provide relief in the interests of justice in extraordinary circumstances. *See, e.g., Carrethers v. St. Louis-San Francisco R. Co.*, 264 F.Supp. 171 (W.D.Okl.1967); 15 A.L.R.Fed. 193; *Edwards v. Velvac, Inc.*, 19 F.R.D. 504 (E.D. Wis.1956).

■ The failure to timely file an appeal has been held not to be a sufficient ground to justify extraordinary relief from judgment. *Fackelman v. Bell*, 564 F.2d 734 (5th Cir. 1977); *Demers v. Brown*, 343 F.2d 427 (1st Cir. 1965); *Frank v. New Amsterdam Casualty Co.*, 27 F.R.D. 258 (E.D.Pa. 1961). *See also, Rueckhaus v. Snow*, 167 Colo. 51, 445 P.2d 577 (1968). Appellant's failure to perfect an appeal from the earlier proceeding does not present a sufficient factual basis to warrant extraordinary relief. There is no indication that she or her attorney attempted either to verify that a motion to extend the time for filing posttrial motions had been submitted to the court for filing, or to secure a ruling on that motion before the time for filing new trial motions had run.

■ Moreover, the appellant acknowledges that shortly before the August 23, 1978 contempt hearing, she became aware that no motion for extension of time had actually been filed with the court after the judgment was entered. Since these claims could have been raised much earlier, appellant's own delay in raising these issues is not excused. *See, Carrethers v. St. Louis-San Francisco R. Co., supra.* Therefore, we affirm the district court's ruling denying relief from the judgment of June 27, 1978. That judgment became final after the period in which to perfect an appeal expired and all issues litigated and decided by the judgment are *res judicata. See, Brennan v.*

---

7. We note from the record appellant's declaration which appeared in a letter dated July 1, 1978 addressed to the Governor of Colorado, copies of which were sent to counsel for the Department and to the various news media throughout the State of Colorado, which stated: "I realize that I have a right of appeal to the Colorado Supreme Court. I will not give this mockery of justice any recognition by entering an appeal."

*Grover*, 158 Colo. 66, 404 P.2d 544, *cert. denied*, 383 U.S. 926, 86 S.Ct. 929, 15 L.Ed.2d 845 (1965); *Hudson v. Western Oil Fields, Inc.*, 150 Colo. 456, 374 P.2d 403 (1962).

The only proceeding properly reviewable by this court is the order dated December 18, 1979, which found appellant in contempt for violating the injunction and continuing to operate her child care center. All other orders are final and unappealable at this late date.

### III.

The appellant challenges the contempt proceedings arguing that they are criminal in nature rather than civil. She in effect asserts that since the proceedings are criminal she was entitled to a jury trial and to the other due process rights accorded one charged by indictment or information with a criminal offense. This assertion flows from a misreading of sections 26–6–111 and 112, C.R.S.1973, which provide for the enforcement of the licensing provisions.[8] As we understand appellant's argument, she contends that the remedy of injunction as authorized by section 26–6–111 and the penalty section under 26–6–112 are so interrelated that both sections are essentially criminal in nature. We are not persuaded by this argument. In our view, a separate civil remedy of injunction is provided by 26–6–111 independent of the criminal sanction provided by 26–6–112. This is the clear import of the language of section 112 which provides: "Such injunctive proceeding shall be in addition to and not in lieu of the penalty provided in 26–6–112." Thus, compliance with the licensing requirements may be compelled by either the civil remedy of injunction or a criminal action, or by both.

The court is specifically authorized by section 26–6–111 to subject one who disobeys an injunctive order to contempt of court proceedings. Since the violation of the injunctive order here occurred out of the presence of the court, the procedural requirements of C.R.C.P. 107(c) control the contempt proceedings. The contemner must be given notice and an opportunity to be heard on the issues raised by the citation. Before punishment may be imposed, the court must hear the evidence and make findings of the facts constituting the contempt, including a finding that the contemner had the ability to perform the acts which are the subject of the contempt. C.R.C.P. 107(d); *Wright v. District Court*, 192 Colo. 553, 561 P.2d 15 (1977); *Marshall v. Marshall*, 191 Colo. 165, 551 P.2d 709 (1976). If the contempt consists of the failure to perform an act in the power of the person to perform, the court may imprison the person until the act is performed, as well as impose a fine and imprisonment to vindicate the dignity of the court. C.R.C.P. 107(d).

The record is clear that the appellant was accorded all of the due process protections required in a civil contempt proceeding. The record established that even though the appellant had previously been fined and imprisoned pursuant to prior contempt proceedings initiated after she had been found to be in violation of the district court's injunction, she defiantly continued to operate her child care facility.

---

8.  "26-6-111. Injunctive proceedings. The department, in the name of the people of the state of Colorado, through the attorney general of the state, may apply for an injunction in any court of competent jurisdiction to enjoin any person from operating any facility without a license which is required to be licensed under this article. If it is established that the defendant has been or is so operating such facility, the court shall enter a decree enjoining said defendant from further operating such facility unless and until he obtains a license therefor. In case of violation of any injunction issued under the provisions of this section, the court may summarily try and punish the offender for contempt of court. Such injunctive proceedings shall be in addition to and not in lieu of the penalty provided in section 26–6–112.

"26-6-112. Penalty. Any person violating any provision of this article or intentionally making any false statement or report to the department or to any agency delegated by the department to make an investigation or inspection under the provisions of this article is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than one hundred dollars nor more than three hundred dollars."

A contempt citation was again issued and the appellant was again found to be in contempt on March 31, 1979, and a $1,000 fine was assessed. This fine was stayed for 30 days and appellant was encouraged to retain counsel for a further hearing on April 30, 1979. She retained counsel, a continuance was granted on her motion, and she was allowed to submit briefs fully setting out her position and legal argument. The hearing was held and the district court entered its order in December of 1979, finding the plaintiff in contempt of the injunction and fining her $1,000. The appellant was given 30 days in which to "purge herself of contempt by complying with the law or closing her day-care center." Appellant instead appealed the order.

 The court found that the appellant had continued to operate her day-care facility in direct violation of the court's order. The court noted the appellant's repeated statements that she had no intention to comply with laws authorizing licensing and inspection of child care centers in Colorado. The appellant asserted no reason why she would be unable to comply. Her disagreement with the legislative wisdom in regulating child care centers is not a sufficient basis upon which to invalidate the contempt proceedings. All procedural requisites were met and the contempt proceedings were properly conducted. The appellant has failed to establish any error requiring reversal of the judgment of contempt.

### IV.

The other issues raised by the appellant concern the contempt proceedings of August 1978, the sufficiency of the search warrant utilized in an August 9, 1978 search of The Tot College, the validity of

the court order entered at the conclusion of the trial,[9] and the nature of the proceedings instituted by the Department against the appellant. As we have stated above, these matters are now *res judicata* and will not be reviewed here.

We affirm the judgment of the district court holding the appellant in contempt.

DUBOFSKY, J., does not participate.

---

9. Among other issues raised, the appellant argues that the order and injunction entered in June of 1978 were invalid because they were prepared from proposed findings of fact and conclusions of law tendered by the counsel for the appellee, State of Colorado. The trial judge had requested counsel for both sides to present proposed orders after the hearing was held. The judge considered both orders and adopted that submitted by the attorney general representing the defendant. There is no error in this procedure "if, after careful study, the trial judge concludes that the findings prepared by a party correctly state both the law and the facts...." *Uptime Corporation v. Colorado Research Corporation*, 161 Colo. 87, 420 P.2d 232 (1966). Appellant did not object to the entry of the order in this form, nor did she perfect an appeal from the order. Therefore, the issues raised are *res judicata*, and we will not review the sufficiency of the evidence to support those findings.