Robert H. CARLSON; Carol Carlson; Southwest Ventures, Inc., a Colorado corporation; and Dolores Ventures, Inc., a Colorado corporation, Plaintiffs-Appellees,

v.

Robert BENTON, C.P.A.; E.G. Merritt; and June Merritt, Defendants-Appellants.

No. 83CA1277.

Colorado Court of Appeals, Div. IV.

April 11, 1985.

No appearance for plaintiffs-appellees.

Baker & Hostetler, Bruce D. Pringle, Denver, for defendants-appellants.

SILVERSTEIN *, Judge.

Defendants appeal the trial court's order granting plaintiffs' C.R.C.P. 60(a) motion to amend a judgment of dismissal. The order amended the judgment by adding the words "without prejudice." We reverse.

The facts are undisputed. This action was filed on March 11, 1976, and an amended complaint was filed on June 18, 1976. No further action was taken by plaintiffs, and on July 15, 1977, because of failure to prosecute, the following order was entered:

"IT IS ORDERED that the above-entitled cause be and the same hereby is dismissed under Rule 23 of the rules of this court."

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

No further action was taken until September 15, 1980, when plaintiffs filed a complaint against these defendants in the federal district court. That complaint contained substantially the same allegations as those in the present case. Defendants answered, asserting that the action was barred by res judicata and collateral estoppel.

On September 23, 1983, defendants filed a motion for summary judgment asserting that the 1977 dismissal of the within action was with prejudice and, therefore, the federal action was barred by the doctrine of res judicata.

On October 7, 1983, while the motion for summary judgment was pending, plaintiffs filed, in this action, a "Motion for Relief from Order" in which they asserted the dismissal order "omitted to state that the dismissal was without prejudice." They further alleged that "it was the intent of this court to dismiss the within action without prejudice."

On October 11, 1983, defendants filed their response to the motion and requested oral argument. The following day, without a hearing, the trial judge who was a successor to the judge who had entered the 1977 order, entered the following order:

"ORDERED that pursuant to Colo.R. Civ.P. 60(a), the dismissal for the within action was dismissed under Rule 23 without prejudice and the Order entered herein on July 15, 1977, be amended in accordance herewith."

Plaintiffs have not entered an appearance in this appeal.

Defendants contend that, under the Rules of Civil Procedure as in effect on the date of the original order, and which apply here, the dismissal was with prejudice. (*But see* C.R.C.P. 121 § 1–10, effective July 1, 1982). They further assert that C.R.C.P. 60(a) was improperly applied. We agree.

## I.

■ Twenty-second Judicial District Rule 23 did not state whether dismissals under the rule, for failure to prosecute, were with or without prejudice. That rule gained its efficacy from C.R.C.P. 41(b), which provides:

"(1) ... *Unless the court* in its order for dismissal *otherwise specifies* a dismissal under this section (b) and any dismissal not provided for in this Rule [with specified exceptions not pertinent here] operates as an adjudication upon the merits."

. . . .

"(2) Actions not prosecuted or brought to trial with due diligence may be dismissed *with prejudice* after reasonable notice by the court *pursuant to rules adopted by it.*" (emphasis added)

Since the trial court did not "otherwise specify" we hold that the 1977 order of dismissal was with prejudice and operated as an adjudication on the merits. *O'Done v. Shulman,* 124 Colo. 445, 238 P.2d 1117 (1951); *see Smith v. Bott,* 169 Colo. 133, 454 P.2d 82 (1969).

Here, plaintiffs did not respond to the local rule notice and, thus, offered no excuse for the delay, nor did they make any showing that the default was not willful. As was stated in *Kappers v. Thomas,* 32 Colo.App. 200, 511 P.2d 910 (1973):

"This being so, we perceive no abuse of discretion by the trial court in dismissing the complaint, and conclude that it was a proper case for dismissal with prejudice .... *see* C.R.C.P. 41(b)."

## II.

■ The trial court, in the order appealed from, improperly relied on C.R.C.P. 60(a). There is nothing in the record which would indicate any "clerical mistake" in the original order of dismissal.

Here, there was no showing that the judgment needed correction because of clerical mistake. The rules for dismissal for failure to prosecute were complied with. The dismissal was not questioned for over six years. "Unexcused attorney failure to diligently proceed on behalf of his client does not constitute clerical error justifying relief under this section [C.R.C.P. 60(a)]." *Cavanaugh v. State Depart-*

*ment of Social Services,* 644 P.2d 1 (Colo. 1982).

Since there was no showing that the judge entered an incorrect judgment or that the clerk incorrectly recorded the proceeding, there was no basis for application of C.R.C.P. 60(a). *Hatcher v. Hatcher,* 169 Colo. 174, 454 P.2d 812 (1969).

Further, the judgment as entered is presumed to be correct. *Laessig v. May D & F,* 157 Colo. 260, 402 P.2d 183 (1965). And the party seeking to alter the judgment has the burden of overcoming the presumption. *Laessig, supra.* A party seeking to show that a situation is other than that shown by the record has the burden of establishing such by competent proof. *Hansen v. Jones,* 115 Colo. 1, 168 P.2d 263 (1946). This plaintiffs failed to do.

The order is reversed.

ENOCH, C.J., and HODGES,* J., concur.