715 P.2d 959

**The COUNTY OF ADA, a political subdivision of the State of Idaho, Plaintiff-Respondent,**

v.

**James R. HILL and Susan Hill, Defendants-Appellants,**

and

**James R. HILL and Susan Hill, Counterclaimants-Third Party Plaintiffs,**

v.

**The COUNTY OF ADA, a political subdivision of the State of Idaho, and Idaho State Department of Health and Welfare, Third Party Defendants-Respondents.**

**No. 15748.**

Supreme Court of Idaho.

Feb. 13, 1986.

James R. Hill and Susan Hill, pro se.

Jim Jones, Atty. Gen., State of Idaho, Mark A. Ingram, Deputy Atty. Gen., Dept. of Health and Welfare, Greg H. Bower, Ada County Prosecutor, Ronald Dean Coston, Office of Ada County Prosecutor, (argued), for respondent.

SHEPARD Justice.

The facts are without any substantial controversy. The Hills own certain real property in Ada County on which they conduct a business known as a day care center in which they care for the children of others. The property owned by the Hills is zoned residential, however, a day care center is a permitted use within such zone if the owner has secured a conditional use permit. No such conditional use permit has been sought or obtained by the Hills. Hence, the use of the property for the day care business purposes is in violation of the zoning ordinances.

The county brought this action against the Hills seeking an injunction prohibiting the Hills from conducting the day care business on their property. A conditional use permit for the operation of a day care center will not issue unless such day care center is licensed by the Idaho State Department of Health and Welfare. Ada County Zoning Ordinance § 24.242 (1982). The Hills argued that said licensing requirement for the issuance of a conditional use permit was invalid and unconstitutional. The district court ruled to the contrary and in favor of Ada County, issued a partial summary judgment holding that such licensing requirement was constitutional and valid. That is the sole issue presented on this appeal.

On appeal the Hills assert several bases for the invalidity or unconstitutionality of the ordinance requiring licensing as a condition for the issuance of a conditional use permit. First, they assert that the statute, I.C. § 39–1213, authorizes the state Department of Health and Welfare to license "foster homes, children's agencies and children's institutions," but that the department has no authority to require the licensing of day care centers such as the one operated by the Hills. Secondly, the Hills argue that even if the department is authorized to license day care centers, such licensing is voluntary, but not mandatory. Hence, the county ordinance is seeking to mandatorily require such licensing, in violation of art. 12, § 2 of the Idaho Constitution, because state law has preempted the field. We need not decide those questions since we hold in favor of the Hills on other grounds.

The district court assumed, and it is conceded by Ada County on this appeal, that the legislative intent was that day care businesses are not mandatorily required to be licensed by the Department of Health and Welfare, but that the legislature intended, and the practice of the Department of Health and Welfare is, to issue day care licenses to those who voluntarily seek them.

It is not disputed that the Department of Health and Welfare has issued regulations governing the conditions and circumstances under which it will or will not issue day care licenses to voluntary applicants. It is

not disputed that many applicants have sought and received such voluntary day care licenses from the Department of Health and Welfare. Although the reasons are not apparent in this record, the Hills have refused to apply for such day care license from the Department of Health and Welfare.

Thus, the sole question presented on this appeal is whether the Hills, as a requirement for the issuance of a conditional use permit, must apply for and obtain a voluntary license for the operation of a day care business from the state Department of Health and Welfare. We deem there to be little question but that the state, in the exercise of its police power in the promotion of the general health, safety and welfare, could require the licensing of child care businesses. Ark.Stat.Ann. § 83–903 (1983); Colo.Rev.Stat. § 26–6–102 (1982); Fla.Stat. § 402.301 (1983); Or.Rev.Stat. § 418.810 (1984); Va.Code § 63.1–196 (1980); Wash.Rev.Code § 74.15.030 (1982); *State ex rel. Pringle v. Heritage Baptist,* 236 Kan. 544, 693 P.2d 1163 (1985) (state can require day care centers, including church-run day care centers, to be licensed); *Cavanaugh v. State Dept. of Social Services,* 644 P.2d 1 (Colo.1982) (compliance with statutes relating to licensing of child care centers may be compelled by either civil remedy of injunction or criminal action, or both). Likewise, we deem there to be little question but that the county, in the exercise of its police power in the promotion of the general health, safety and welfare of the community, could require the licensing of children's day care businesses. *City of Lewiston v. Knieriem,* 107 Idaho 80, 685 P.2d 821 (1984); *Cole-Collister Fire Protection District v. City of Boise,* 93 Idaho 558, 468 P.2d 290 (1970); I.C. § 31–714. However, here there is no showing that either the state or the county, in the exercise of their respective police powers, require the mandatory licensing of children's day care businesses.

We hold that if the state required the mandatory licensing of children's day care businesses, the county, in conjunction with its zoning requirements, could require any applicant for a conditional use permit to secure a state license for the operation of a children's day care business. However, we hold it equally clear that a county may not, as a part of its zoning scheme, require an applicant for a conditional use permit to obtain a license for the conduct of an otherwise lawful business when no statute or ordinance of either the county or the state requires the licensing of such otherwise lawful business.

We do not hold herein that a county, pursuant to its general police power in the promotion of the general health, safety and welfare of the community, is prohibited from licensing of children's day care businesses. We do not discuss nor decide a possible conflict between a state statute and a county ordinance both purporting to regulate, through licensing, the same businesses. We simply hold that the county may not, through its zoning ordinances, validly require a license for the conduct of an otherwise lawful business when no state statute or county ordinance mandates such licensing.

Costs to appellants.

DONALDSON, C.J., and HUNTLEY, J., concur.

BAKES, J., concurs in result.

BISTLINE, Justice, concurring in the Court's judgment to reverse.

The holding of the Court is the following: [W]e hold it equally clear that a county may not, as a part of its zoning scheme, require an applicant for a conditional use permit to obtain a license for the conduct of an otherwise lawful business when no statute or ordinance of either the county or the state requires the licensing of such otherwise lawful business. Maj. op., p. 961.

*No authority* is relied upon in reaching this holding, and no reason is given for *why* this Court says what it does. The parties deserve to understand how we get there. For my own part, I will endeavor to explain.

I concur in the result because a county may not require an individual to comply with a state law which on its face is inapplicable to that individual. I.C. § 39–1213 grants the Department of Health and Welfare the authority to license "foster homes, children's agencies and children's institutions." Nowhere is there any authority granted to the Department to license daycare centers or homes, which I.C. § 39–1209 treats as different from foster homes, children's agencies and children's institutions.[1] It is clear then that the Department has no authority to do what Ada County desires it to do: license the appellant's daycare center. Upon that basis would I have voted to reverse the district court.

---

1. I.C. § 39–1209 defines these terms as follows:

    4. "Foster home" means a home which accepts, for any period of time, with or without compensation, an unrelated child as a member of the household for the purpose of providing substitute parental care of the child.

    5. "Day care home" means a home or place in which any child or children not related by blood or marriage to the person or persons operating such home are regularly received and cared for during any part of the twenty-four (24) hour day.

    6. "Day care center" means a home or place providing care to a group of five (5) or more children for all or part of the twenty-four (24) hour day.

    7. "Children's agency" or "children's institution" means an organization, corporation, society or association which receives children for control, care, maintenance or placement, or a place maintained or operated by a person or persons, organization, corporation, society or association which specializes in maternity care to unmarried mothers, or provides group care for children who are in its custody and control through legal action or informal arrangement, or which places children in adoptive or foster homes.